UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MEHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 1325 CDP |
| | ) |
| THE TRAVELERS HOME AND | ) |
| MARINE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Christopher Mehl and his wife closed on the purchase of their house on February 10, 2012. When they moved in a month later, they discovered brown recluse spiders in the home. After unsuccessful efforts to eradicate the poisonous spiders, Mrs. Mehl moved from the home in May 2012. Plaintiff left the home in June 2012. After continued unsuccessful efforts to eradicate the spiders, plaintiff considered the property uninhabitable and filed a claim under his homeowners insurance policy for loss of use of the property. Defendant Travelers Home and Marine Insurance Company denied the claim, and this action for breach of contract and vexatious refusal to pay followed. Travelers moves for summary judgment, arguing that Mehl's claim is not covered under the policy and that, regardless, any claim arose before the policy period. I will deny the motion.

The insurance policy at issue covers the period from February 10, 2012, to February 10, 2013, and insures against "direct physical loss" to Mehl's property. Travelers argues that "direct physical loss" means actual physical damage and that because there is no dispute that the insured residence suffered no "physical damage" on account of the spiders, Mehl's claim for coverage fails. I disagree.

"Direct physical loss" is not defined in the policy, and Travelers points to no language in the policy that would lead a reasonable insured to believe that actual physical damage is required for coverage. Notably, however, the policy defines "property damage" as "physical injury to, damage of, *or loss of use* of tangible property," and the policy explicitly provides coverage for "loss of use." In view of this definition and the policy's express coverage for loss of use, to construe the term "direct physical loss" as requiring damage not defined in the policy leads to an ambiguity in the policy. *See Cincinnati Ins. Co. v. German St. Vincent Orphan Ass'n, Inc.*, 54 S.W.3d 661, 668 (Mo. Ct. App. 2001) (language is ambiguous if it is reasonably open to different constructions). I therefore must adopt construction of the policy that is most favorable to the insured. *Id.* at 667-68. Mehl filed a claim for loss of use of tangible property, which is property damage as defined under the policy and for which the policy provides coverage. I construe the policy so as to provide coverage for such a claim.

Travelers also argues, however, that because the spiders were present before

Mehl purchased the home and before the policy period began, any claimed loss purportedly caused by the spiders is not covered by the policy. Upon review of the evidence submitted on the motion, I find there to be genuine issues of material fact as to when the spiders were present in the home; if their presence in the home arose to such a level so as to cause a "loss of use"; and, if so, when such condition occurred.[1]

Accordingly, on the evidence and information before the Court, and viewing all facts and inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), I cannot say that Travelers has established its right to judgment with such clarity as to leave room for no controversy and that Mehl is not entitled to prevail on his claims under any discernable circumstances. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). I will therefore deny Travelers' motion for summary judgment.

Therefore,

**IT IS HEREBY ORDERED** that defendant Travelers Home and Marine Insurance Company's Motion for Summary Judgment [21] is **DENIED.**

---

[1] The policy defines an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in . . . 'property damage[.]'" As noted above, "property damage" includes loss of use of tangible property.

This matter remains set for a jury trial on the two-week docket beginning **June 18, 2018**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2018.